IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **FAISAL RAHMAN** ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> **THE UNITED STATES OF AMERICA,** ) <br> ) <br> Defendant ) <br> ) | Case No. __20-497 C__ |

# COMPLAINT

Plaintiff, Mr. Faisal Rahman, brings this action against the defendant and alleges the following:

## INTRODUCTION

1. This action is a claim for active duty pay and allowances due the plaintiff for his service in the United States Army. After serving more than 15 years in the Army, Mr. Rahman was referred to a Medical Evaluation Board ("MEB") because of his disabilities which were ultimately found unfitting by a Physical Evaluation Board ("PEB") and rated at 40%, with a finding that he should be permanently retired from the Army based on his conditions. However, during the pendency of his Disability Evaluation System ("DES") case, he was removed from orders and did not receive the active duty pay and allowances that he was entitled to receive. This action seeks to recover the monies that Mr. Rahman should have received by being continued on orders during the pendency of his DES case.

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. §

1491(a)(1). The statutory basis for invoking jurisdiction is 37 U.S.C. § 204. This statute mandates the payment of active duty pay and allowance to a military member on active duty. The referenced statute is a money-mandating provision. This complaint alleges money damages in excess of $10,000.

3. The regulatory bases for invoking this Court's jurisdiction include Department of Defense Instructions 1241.2 and 1332.18, the Department of the Army Warrior Transition Unit Consolidated Guidance, and Army Regulation 40-58. Each of these regulations provide for and mandate the continuation on active duty for reserve component members on orders of more than 30 days who have in the line of duty injuries until they are returned to full duty or processed through the military disability evaluation system. These regulations are money-mandating and this complaint alleges money damages in excess of $10,000.

4. This complaint is timely filed within six years of Plaintiff's separation from active duty without payment of the compensation and benefits to which he should have been paid up until the date of his disability retirement.

## PARTIES

5. Plaintiff, Faial Rahman is a citizen of the United States who resides in the City of New York and the State of New York.

6. Defendant is the United States of America, acting by and through the Department of the Army, a United States government agency. This complaint may interchangeably refer to the Defendant as the "United States," "Army," or "Defendant."

## FACTUAL ALLEGATIONS

7. Mr. Rahman entered active duty in the US Army on July 24, 2002. He served on active

duty until September 24, 2014 and then transferred to the Alabama Army National Guard. He served in four combat deployments to Iraq and Afghanistan between 2005 and 2013 as an Aircraft Structural Repairer and he reached the rank of Staff Sergeant. While serving in the Alabama Army National Guard, he was ordered to active duty from January 16, 2015 through November 1, 2015 in order to go to a training school for his new Military Occupational Specialty ("MOS" of 68A, Biomedical Equipment Specialist). During this period of active duty, Mr. Rahman was injured during physical training and he aggravated his existing neck and back disabilities.

8.   After this last period of active duty, Mr. Rahman was a drilling member of the Alabama Army National Guard until his retirement from the Army due to medical disabilities rated at 40% on May 10, 2018.

9.   During his deployments and during periods of active duty, Mr. Rahman was injured and developed in the line of duty disabilities that eventually resulted in his being referred into the Army Disability Evaluation System ("DES"). In 2003, Mr. Rahman was on a combat patrol and fell into a manhole, dropping 15-20 feet, and landing on his head, causing a loss of consciousness and injuries to his neck. While on active duty orders for his MOS training in 2015, Mr. Rahman requested and was recommended by his commander for continuation on active duty through the Active Duty Medical Extension ("ADME") program. He was not approved for continuation of his orders and separated from his period of active duty on November 1, 2015. He continued to have problems with his health and the performance of his military duties and was ultimately referred for military DES evaluation and processing.

10.   Mr. Rahman's Medical Evaluation Board was convened on January 29, 2018 and found that he failed medical retention standards for four conditions, cervical neck strain, degenerative

arthritis of the cervical spine, lumbosacral strain, and degenerative arthritis of the lumbar spine. He was then referred to a Physical Evaluation Board ("PEB") for adjudication of the impact of his disabilities on his military duties and rating for any unfitting disabilities.

11. On February 28, 2018, an Army informal PEB convened and found that Mr. Rahman was unfit to perform his military duties due to cervical strain and degenerative arthritis of the cervical spine, and Lumbosacral strain and degenerative arthritis of the lumbar spine. In accordance with the ratings assigned by the Department of Veterans' Affairs under the Integrated Disability Evaluation System, each condition was rated at 20%, with a combined rating of 40%. Mr. Rahman accepted these findings and he was permanently retired from the Army on May 10, 2018.

12. From November 1, 2015 until the date of his disability retirement on May 10, 2018, the defendant failed to pay Mr. Rahman the active duty pay and allowances that he was due under the laws and regulations cited in this complaint. The failure of the defendant to compensate Mr. Rahman gives rise to money damages against the United States in excess of $10,000.

## COUNT I

13. Plaintiff re-alleges and incorporates by reference the allegations continued in paragraphs 1 through 12 of this complaint.

14. 37 U.S.C. § 204 provides that military members on active duty are entitled to pay and allowances.

15. The Department of the Army Warrior Transition Unit Consolidated Guidance, dated March 20, 2009, paragraph 1-13, states:

"a. Purpose / Intent of (what is) ADME? The ADME program is designed to voluntarily place Soldiers on temporary active duty, to evaluate or treat RC WT with in the line of duty service connected medical conditions or injuries. To return Soldiers back to duty within his or her

4

respective RC as soon as possible. If return to duty is not possible, process the Soldier through the Army PDES."

16.     Department of Defense Instruction ("DoDI ") 1332.18, "Disability Evaluation System"

dated August 5, 2014, states in paragraph 3.h.:

"RC Service members on active duty orders specifying a period of more than 30 days will, with their consent, be kept on active duty for disability evaluation processing until final disposition by the Secretary of the Military Department concerned."

17.     DODI 1241.2, "Reserve Component Incapacitation System Management," dated, March

30, 2001, states in chapter 6.6.3.2:

"A Reserve component member on active duty under a call or order to active duty specifying a period of 31 days or more, who incurs or aggravates an injury, illness, or disease in the line of duty shall, with the member's consent, be continued on active duty upon the expiration of call or order to active duty until the member is determined fit for duty or the member is separated or retired as a result of a Disability Evaluation System determination."

18.     Army Regulation 40-58, "Warrior Care and Transition Program," dated March 28, 2015,

states in paragraph 6-2.c.:

"RC Soldiers on AD orders specifying a period of more than 30 days will, with their consent, be kept on AD for disability evaluation until final disposition by the PDES process."

19.     Mr. Rahman repeatedly requested to remain on orders for medical evaluation prior to his separation from active duty on November 1, 2015. He specifically cited the regulations referenced in this complaint in his requests to Army officials for continuation on orders. The Army failed to extend him on orders, to return him to orders after his separation, and to pay him the money he was entitled to receive had his requests been properly processed and he remained on active duty.

20.     The Army wrongfully failed to act on Mr. Rahman's requests for continuation on active duty by failing to comply with its own regulations. Whether through the ADME program, or by simply extending his orders, or returning him to active duty, the Army violated law and

regulations by denying Mr. Rahman active duty orders with the attendant pay and allowances due him, or by otherwise continuing him on active duty.

21.     As a result of the defendant's failure to extend his orders and continue him on active duty after November 1, 2015 and until his medical military disability retirement on May 10, 2018, plaintiff has been denied monies due to him, under 37 U.S.C. § 204 and the regulations cited herein, in excess of $10,000.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment as follows:

a. Payment of all wrongfully denied pay and allowances due to him;

b. Award to Plaintiff of costs and attorney's fees; and

c. The grant of such other relief as the Court deems just and proper.

Respectfully submitted,

s/Jason E. Perry

Jason E. Perry

Counsel for Mr. Faisal Rahman
10540 Galleria Street,
Wellington, FL 33414
203-887-6967 (phone)
800-576-5648 (fax)

Dated: April 24, 2020                          jason.perry@jeperrylaw.com